**JERRY DAVIDSON BUICK SALES & SERVICE, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 19044.

United States Court of Appeals
Sixth Circuit.

July 17, 1969.

Frank L. Talkow, Flint, Mich., for petitioner.

Janet C. McCaa, N.L.R.B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Peter Ames Eveleth, Janet C. McCaa, Attys., N.L.R.B., Washington, D. C., on the brief), for respondent.

Before O'SULLIVAN, EDWARDS and COMBS, Circuit Judges.

ORDER

The National Labor Relations Board adopted the Examiner's findings that Jerry Davidson Buick Sales & Service, Inc., violated Section 8(a) (1) of the National Labor Relations Act by interrogating employees, and violated Sections 8(a) (3) and (1) of the Act by discriminatorily discharging an employee. The Board's decision and order are reported at 172 N.L.R.B. No. 203. The company petitions for review of the order and the Board requests enforcement.

The only question presented is whether the Board's findings are supported by substantial evidence. Although the company maintains that the employee's faulty repair of a customer's automobile prompted the discharge, it is clear that the discharged employee was a known union adherent who had arranged the first union organizational meeting, which was held the day following his discharge, and who also had discussed the union with the shop foreman on the morning of his discharge. The quality of his work had not been previously questioned and no attempt was made by the company to verify the employee's contention that he was not guilty of shoddy work.

At a group meeting of employees called by the company immediately after the discharge, a company spokesman stated that a union could provide no new benefits. He solicited employee grievances, and promised to remedy those complaints. For example, one employee testified that the company official stated that, if the union movement was due to job insecurity, the company "would find some method to secure it." A similar meeting was held two days later. The

first union organizational meeting was held in the interim between the two company-convened meetings.

Upon examination of the record as a whole as summarized in the factual situation outlined above, we are of the opinion that there is substantial evidence to support the Board's findings that the discharge was discriminatory and that employees were interrogated in violation of the Act. Accordingly, the Board's order will be enforced.

Entered by order of the Court.